Affirmed as to the conviction and Remanded to the superior court for resentencing proceedings in accordance with this opinion.[27]

---

Mary Greene, Asst. Public Defender, Fairbanks, Brian C. Shortell, Public Defender, Anchorage, for appellant.

Rhonda Butterfield, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

## OPINION

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

**Warren G. PRICE, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 3524.**

Supreme Court of Alaska.

Feb. 9, 1979.

PER CURIAM.

In this appeal we are asked to determine whether certain evidence was properly considered by the superior court in determining appellant's guilt.

On July 11, 1976, at about 3:00 a. m., appellant Warren Price was driving a Datsun pickup truck on South Cushman Street in Fairbanks. He was in pursuit of an automobile driven by William Burton, in which James Underwood and Robert Williams were passengers. Appellant had in his possession a .44 magnum revolver loaded with "birdshot" ammunition. Upon reaching the Burton vehicle, appellant stopped the truck, rolled down his window, and pointed the revolver toward the three men. They dropped down within the car for pro-

---

tection. A shot was fired, which hit the driver's door and shattered the window.

Price was arrested and charged with three counts of assault with a dangerous weapon in violation of AS 11.15.220.[1] The arresting officer testified that at the time he arrested Price he found one bag of marijuana in Price's vehicle and another on his person. At trial to the court, objection was raised to the introduction of this testimony. The court overruled the objection.

Assuming, *arguendo*, that the admission of this evidence was error, it was harmless error in the circumstances of this case.

The case was tried to the court, rather than a jury, minimizing any prejudicial effect of such evidence. Additionally, the possession of a small amount of marijuana is not a major offense.[2]

In *Post v. State*, 580 P.2d 304, 308 (Alaska 1978), we held that admission of conduct involving a relatively minor crime was at most harmless error because it was unlikely to prejudice the trier of fact in evaluating the conduct of the defendant.

Within the context of a court tried case and in light of the total record, therefore, the admission of testimony regarding appellant's possession of marijuana was harmless error. We affirm the conviction.

AFFIRMED.

---

1. AS 11.15.220 provides:
   "*Assault with dangerous weapon.* A person armed with a dangerous weapon, who assaults another with the weapon, is punishable by imprisonment for not more than 10 years nor less than six months, or by a fine of not more than $1,000 nor less than $100, or by both."

2. AS 17.12.110(d) and (e) provide:
   "(d) A person who: (1) uses marijuana on a public street or sidewalk or on the premises of a public carrier or business establishment or any other public place, or (2) possesses or controls more than one ounce of marijuana on a public street or sidewalk or on the premises of a public carrier or business establishment or any other public place, or (3) possesses any amount of marijuana while operating a motor vehicle or airplane, or (4) while under the age of 18, possesses, controls or uses any amount of marijuana is, upon conviction, guilty of a misdemeanor punishable by a fine of not more than $1,000.
   (e) A person 18 years of age or older who violates this chapter by possession or control of any amount of marijuana in other than a public place, when his possession or control is for his own use, or by possession of one ounce or less of marijuana in a public place, is punishable by a civil fine of not more than $100. Punishment under this subsection shall be initiated only by civil complaint or citation. The court may establish procedures for payment of fines by mail."